UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANDON FAIRBANKS, a single person,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC., a Delaware corporation,<br><br>Defendant. | Case No. C08-1164 MJP<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 14.) The Court has reviewed the motion, Plaintiff's response (Dkt. No. 20), Defendant's reply (Dkt. No. 21), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Defendant's motion.

**Background**

Defendant contracted with Data Trend Technology to install a telecommunications system in Defendant's Tukwila, Washington store. Data Trend Technology subcontracted with Zephyr Communications to complete this installation. Zephyr Communications, Inc. employed Plaintiff as a telecommunications cable installer. On August 30, 2005 working on this job site, Plaintiff was electrocuted and fell from the eighth rung of a ten foot ladder. Plaintiff was taken to the emergency room where he was treated for his injuries. Plaintiff does not know exactly what caused the shock.

ORDER ON MOTION FOR SUMMARY JUDGMENT
- 1

1        On July 21, 2008, Plaintiff filed a complaint claiming that the cause of his injuries was Defendant's failure to maintain an inherently dangerous instrumentality and negligent installation of an electrical junction box. (Dkt. No. 1.) Defendant denies these allegations. (Dkt. No. 10.) On June 19, 2009, Defendant moved for summary judgment claiming that Plaintiff's negligence claim does not meet Plaintiff's burden of establishing breach of duty and proximate cause. (Dkt. No. 14.) Plaintiff claims that the facts of this case support the inference of negligence through circumstantial evidence under the doctrine of res ipsa loquitur and summary judgment is thus inappropriate. (Dkt. No. 20.)

**Discussion**

I.     Standard for reviewing a motion for summary judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On review, the Court must view the underlying facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and summary judgment is not warranted if a material issue of fact exists for trial, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). "Summary judgment will not lie if ... the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

II.    Analysis

To prevail on a claim of negligence under Washington law, Plaintiff must establish the following elements: (1) the existence of a duty owed to plaintiff; (2) a breach of that duty; (3) a resulting injury; and (4) a proximate cause between the claimed breach and resulting injury. See Degel v. Majestic Mobile Manner, Inc., 129 Wn.2d 43, 48 (1996). Defendant claims that Plaintiff cannot meet his burden of showing that the second and fourth elements of Plaintiff's

1   negligence claim have been met. (Dkt. No. 14, p.1.) Plaintiff claims that the doctrine of res

2   ipsa loquitur is applicable and satisfies these elements of his claim. (Dkt. No. 20, p. 1.)

3         Whether the doctrine of res ipsa loquitur is applicable to a particular case is a question

4   of law. See Zukowsky v. Brown, 79 Wn.2d 586, 592 (1971). Under Washington law, the

5   doctrine is applicable if: (1) the accident producing the injury is of a nature which ordinarily

6   does not happen in the absence of someone's negligence; (2) the injuries are caused by an

7   agency or instrumentality within the exclusive control of the defendant; and (3) the injury-

8   causing accident or occurrence is not due to any voluntary action or contribution on the part

9   of the plaintiff. Curtis v. Lein, 206 P.3d 1264 (2009). "[O]nce plaintiff has produced

10  sufficient evidence to raise the res ipsa loquitur inference, a jury question has been raised

11  unless the Defendant produces enough evidence of an alternate cause rebutting the inference."

12  Robison v. Cascade Hardwoods, Inc., 117 Wn. App. 552, 564 (2003) (internal citations

13  omitted).

14        In cases of electrocution, the first element for the application of the doctrine of res ipsa

15  loquitur is usually established as a matter of Washington law. See Pacheco v. Ames, 149

16  Wn.2d 431, 438-39 (2003) (holding the first element of res ipsa met "when the general

17  experience and observation of mankind teaches that the result would not be expected without

18  negligence"); Robison, 117 Wn. App. at 567 (holding that "individuals ordinarily do not

19  suffer severe electrical shocks unless someone has been negligent"). Plaintiff argues that he

20  should not expect to suffer electrocution while working on telecommunication cable absent

21  negligence, and Defendant does not respond to this argument. The Court finds that Plaintiff

22  has established the first element of the res ipsa loquitur test.

23        To meet the second element of the res ipsa loquitur test, the Defendant must have had

24  exclusive "actual or constructive control" of the "instrumentality" to the extent that it caused

25  Plaintiff's injury. Zukowsky, 79 Wn.2d at 595. Defendant characterizes Plaintiff's pleadings

    as alleging only a failure to properly install and maintain an electrical junction box. (Dkt. No.

ORDER ON MOTION FOR SUMMARY JUDGMENT
- 3

14, p. 6.)  However, Plaintiff also alleged negligence by Defendant for "failing to properly maintain an inherently dangerous instrumentality."  (Dkt. No. 1, p. 10.)  Plaintiff later identified the inherently dangerous instrumentality as the "live electrical currents" within Defendant's store.  (Dkt. No. 19, p. 6.)  The designation of a defective electrical system is sufficient to identify the injury causing instrumentality in cases of electrocution.  Robison, 117 Wn. App. at 569.  Plaintiff offers evidence that Defendant's electrical system caused his injury.  (Dkt. No. 16, p. 3.)  Plaintiff offers evidence that defects in the electrical system such as exposed and irregularly cut wires were discoverable.  (Dkt. No. 20, p. 15.)  Plaintiff also offers evidence that within a day of Plaintiff's electrocution, Defendant had the electrical system repaired by an electrician.  (Dkt. No. 17, p. 4; Dkt. No. 4.)  A reasonable jury could find without speculating that Defendant's defective electrical system is a reasonable probable cause for Plaintiff's electrocution.

      Defendant contends that it does not have exclusive control of the injury causing instrumentality.  (Dkt. No. 21, p. 3.)  However, Defendant does not dispute that it controls its own electrical system located on its premises nor has it presented evidence that another party is responsible for the maintenance of the electrical system.  Similarly, Defendant has not presented any evidence establishing that it is not responsible for the installation or maintenance of the junction box at issue on its premises, and Plaintiff offers evidence that Defendant's own witness believed that electrical work prior to the electrocution was performed by a JC Penney employee.  (Dkt. 17, p. 14.)  Even assuming as true Defendant's assertion that another may be responsible for its electrical work, Washington Courts have allowed the res ipsa doctrine to be applied even where plaintiff's evidence could not exclude the possibility that the injury was caused by negligence other than the defendant's.  Faust v. Benton County Pub. Util. Dist. No. 1, 13 Wn. App. 473, 476 (1975) (holding that the issue of control was met if the defendant would be responsible for the apparent cause of the accident even where plaintiff could not definitively exclude others' negligence).  Drawing all factual

ORDER  ON MOTION FOR SUMMARY JUDGMENT
- 4

1  inferences in Plaintiff's favor, the Court finds that Plaintiff has sufficiently designated

2  Defendant's electrical system, the reasonably probable cause of his injuries, to be under

3  Defendant's exclusive control thus meeting the second element of the res ipsa loquitur test.

4  The Court next turns to the third element of the res ipsa test.  The Washington

5  Supreme Court has held that the res ipsa test does not require plaintiff to produce evidence

6  that "preclude[s] the possibility that defendant can establish a defense based on plaintiff's

7  conduct" but only bars the doctrine if "after all evidence is in, it can be said as a matter of law

8  that plaintiff is precluded from recovery by his own 'voluntary action or contribution.'"

9  Zukowsky, 79 Wn.2d at 596.  Defendant claims that Plaintiff contributed to his own injuries

10 because Plaintiff was not an innocent bystander but knowingly chose to work in close

11 proximity to electrical activity.  (Dkt. No. 21, p. 3.)  In this matter, not all of the evidence is in

12 at this phase and the existing evidence does not wholly refute Plaintiff's right to recover.

13 Plaintiff offers evidence that he was operating safely and within the appropriate standard of

14 care of a telecommunications technician.  (Dkt. No. 16, p. 2; Dkt. No. 17, p. 2.)  While

15 Defendant hints that Plaintiff may have been negligent, Defendant does not specifically

16 support this speculation, and Plaintiff need not conclusively eliminate the possibility of his

17 own negligence.  Ewer v. Goodyear Tire & Rubber Co., 4 Wn. App. 152, 158 (1971) (finding

18 that "[e]ven where there is some evidence that plaintiff's failure to exercise care in the use of

19 defendant's equipment was a contributing cause producing the injury, [res ipsa] is not

20 excluded as a matter of law").  Drawing all reasonable inferences in favor of Plaintiff, the

21 Court finds that Plaintiff would not be barred from recovery as a matter of law, and Plaintiff

22 has therefore established the third element of the res ipsa test.

23 The Court also finds that applying res ipsa in this matter comports with the purpose of

24 the doctrine.  See Joseph T. Ryerson & Son, Inc. v. H.A. Crane & Brother, 417 F.2d 1263,

25 1266-67. (3d Cir. 1969) ("The operative effect of a res ipsa charge is to force a defendant,

who usually knows more about the instrumentality allegedly causing the injury, to bring out

all that he knows."). In this case, Plaintiff does not own the property, does not have access to the electrical system, and does not know of the historical maintenance or installation of the electrical system despite his requests for this documentation. Plaintiff also alleges that Defendant had its electrical system repaired by an electrician within a day of Plaintiff's electrocution which further impaired Plaintiff's ability to explain the occurrence. (Dkt. No. 20, p. 12). The Court finds that because Defendant is in the best position to explain how Plaintiff suffered electrocution while installing a telecommunications system on Defendant's property, the application of res ipsa loquitur is appropriate. See Morner v. Union Pac. R.R., 31 Wn.2d 282, 291 (1948) (finding the doctrine of res ipsa loquitur to be based on the theory that when defendant has the best opportunity of ascertaining the cause of the injury, plaintiff is only compelled "to allege negligence in general terms and to rely upon proof of the happening of such occurrence to establish negligence").

Defendant argues that even if res ipsa were applicable, summary judgment should still be granted because Plaintiff cannot establish premises liability. (Dkt. No. 21, p. 5.) However, because Defendant has not responded with exculpatory evidence of an alternate cause with the application of res ipsa, Plaintiff has raised a permissive inference of negligence that necessarily creates a jury question. See Pacheco, 149 Wn.2d at 440 (having established the three initials elements under the doctrine of res ipsa, the burden shifts to the defendant to completely explain plaintiff's injuries). Defendant's motion for summary judgment lacks an alternative explanation for Plaintiff's electrocution, and its only explanation for the occurrence is in a report filed by electrician Scott Jacobs which contains many facts and conclusions that Plaintiff disputes. (Dkt. No. 11.) Since Plaintiff is not bound by the testimony of defendant and his witnesses, this offering of a possible explanation for Defendant's electrocution is insufficient to deny Plaintiff res ipsa. Metro Mortgage & Sec. Co. v. Wash. Water Power, 37 Wn. App. 241, 243 (1984) (the explanation must be exculpatory, rebutting or otherwise overcoming the presumption or inference of negligence on

ORDER ON MOTION FOR SUMMARY JUDGMENT
- 6

defendant's part).  Drawing all reasonable inferences in favor of Plaintiff, the Court finds that because there are material issues of fact in dispute and Defendant has not provided an exculpatory explanation of Plaintiff's injury, Plaintiff has raised a jury question making summary judgment inappropriate.  See Zukowsky, 79 Wn.2d at 564 (holding that "once plaintiff has produced sufficient evidence to raise the res ipsa loquitur inference, a jury question has been raised unless the defendant produces evidence of an alternate cause rebutting the inference").

**Conclusion**

Because Plaintiff has met all of the res ipsa loquitur prerequisites, he has raised a permissive inference of negligence that necessarily creates a jury question and summary judgment is inappropriate.  Defendant has not responded with affirmative evidence of an exculpatory alternate cause.  The Court therefore DENIES Defendant's motion.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 7th day of August, 2009.

    /s/  Marsha J. Pechman
Marsha J. Pechman
United States District Judge